## Appointment to County Offices

GARFINKEL, Deputy Attorney General, February 24, 1956.—You have requested an opinion as to the applicability to elective county offices of the provision of section 409 of the County Code of August 9, 1955, Act no. 130, P. L. 323, that a person appointed by the Governor to fill a vacancy shall continue in the office to which he was appointed for the balance of the unexpired term.

Section 409 provides that:

"In case of a vacancy, happening by death, resignation or otherwise, in any county office created by the Constitution or laws of this Commonwealth, and where no other provision is made by the Constitution, or by the provisions of this act, to fill the vacancy, it shall be the duty of the Governor to appoint a suitable person to fill such office, who shall continue therein and discharge the duties thereof for the balance of the unexpired term. Such appointee shall be confirmed by the Senate if in session." Aug. 9, 1955, P. L. 323, No. 130, sec. 409.

This section departs from prior law which generally provided for persons appointed to fill vacancies to continue in office until the first Monday of January next succeeding the first municipal election occurring two or more months after the happening of such vacancy. See The General County Law of May 2, 1929, P. L. 1278, as amended by the Act of June 9, 1931, P. L. 401, sec. 1, 16 PS §60.

It should be noted that section 409 is applicable only when there is no other provision in either the Constitution or the code for filling the vacancy. The County Code provides that the court of common pleas shall fill any vacancies which occur in the offices of commissioner, auditor, or district attorney, secs. 501, 701, 1404, while the court of quarter sessions is authorized to fill vacancies in the office of surveyor, sec. 1001, and the president judge of the court of common pleas fills vacancies in the office of jury commissioner, sec. 1504.* Section 7 of article 14 of the Commonwealth Constitution, Amendment of November 2, 1909, provides that the court of common pleas shall fill vacancies in the offices of county commissioner and county auditor.

Article IV, sec. 8, of the Constitution of the Commonwealth, provides in part that:

". . . [I]n any such case of vacancy, in an elective office, a person shall be chosen to said office on the next election day appropriate to such office according to the provisions of this Constitution, unless the vacancy shall happen within two calendar months immediately preceding such election day, in which case the election

---

* Section 1504 provides that the "president judge" shall by appointment fill vacancies in the office of jury commissioner. It is clear considering section 294 of the Act of May 2, 1929, P. L. 1278, which uses similar language, together with sections 292 and 293 of the Act of 1929, that the reference is to the president judge of the court of common pleas.

for said office shall be held on the second succeeding election day appropriate to such office. . . ."

This section of the Constitution is clearly applicable to county offices: Commonwealth ex rel. King v. King, 85 Pa. 103 (1877) ; Commonwealth ex rel. Markle v. Doverspike, 7 Dist. R. 122 (1897) ; Commonwealth ex rel. Wilson v. Milliken, 41 Dauph. 234 (1935). It precludes any statutory provision for a person appointed to fill a vacancy in an elective county office to continue in such office for the balance of the unexpired term.

Article XIV, sce. 2, of the Constitution, provides that:

"County officers shall be elected at the municipal elections and shall hold their offices for the term of four years, beginning on the first Monday of January next after their election, and until their successors shall be duly qualified; all vacancies not otherwise provided for, shall be filled in such manner as may be provided by law." (Amendment of November 2, 1909.)

This section of the Constitution does not authorize any statutory provisions respecting the filling of vacancies inconsistent with article IV, sec. 8.

It is our opinion, arrived at after correlating section 409 of the County Code with article IV, sec. 8, and article XIV, sec. 2, of the Constitution, and you are accordingly advised, that the provision of section 409 of the County Code providing that a person appointed by the Governor to fill a vacancy shall discharge the duty thereof for the balance of the unexpired term is not applicable to elective county offices. In any case of a vacancy in an elective county office the person appointed by the Governor shall serve only until a person chosen to fill such vacancy on the next appropriate election day shall take office. Should the vacancy happen within two calendar months immediately preceding such election day, election for said office shall be held on the second succeeding election

day appropriate to such office, and the appointee of the Governor shall serve only until the person elected at such election takes office.